# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GANN/GANN-FONES, Minors.

UNPUBLISHED
August 11, 2015

No. 325414
Ingham Circuit Court
Family Division
LC No. 13-001178-NA
LC No. 13-001576-NA
LC No. 13-001577-NA

Before: SAWYER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to her four-year-old son and one-year-old twins under MCL 712A.19b(3)(c)(*i*), (g), and (j). On appeal, respondent argues that, because the children were to remain under the trial court's jurisdiction until the twins' father was released from jail and given an opportunity to complete services, its decision to terminate her parental rights was premature. We conclude that the trial court did not clearly err when it found that the Department of Health and Human Services established by clear and convincing evidence grounds for termination and that termination was in the children's best interests. Accordingly, we affirm.

On appeal, respondent argues that the trial court clearly erred when it found that the Department had established grounds for termination and that termination was in the children's best interests. Specifically, she maintains that the trial court should have given her more time to rectify the conditions that led to the children's removal. We review for clear error both the trial court's finding that the petitioner has established a ground for termination by clear and convincing evidence and its finding concerning the child's best interests. *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made. *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). In reviewing the trial court's findings, we defer to the special ability of the trial court to judge the credibility of witnesses. *Id*. This Court reviews de novo whether the trial court properly interpreted and applied the relevant statutory provisions. *In re Gonzales/Martinez*, ___ Mich App ___, slip op at 2; ___ NW2d ___ (2015).

-1-

The trial court found that the Department established three grounds for termination by clear and convincing evidence. It found that "the conditions that led to the adjudication" continued to exist and that "there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering" the children's ages. MCL 712A.19b(3)(c)(*i*). It similarly found that respondent, "without regard to intent," failed to provide "proper care or custody" and that there "is no reasonable expectation" that she would be able to provide proper care and custody within a reasonable time considering the children's age. MCL 712A.19b(3)(g). Finally, it found that there was a "reasonable likelihood" that the children would be harmed if returned to respondent's care. See MCL 712A.19b(3)(j). Respondent's argument that, under the totality of the circumstances, the trial court should have given her more time to rectify the conditions and demonstrate that she can provide proper care and custody does not apply to the trial court's finding under MCL 712A.19b(3)(j), and that ground alone would be sufficient to warrant termination. See *In re Olive/Metts*, 297 Mich App at 41.

Even considering her claim that the trial court's decision was premature, we cannot conclude that the trial court clearly erred. The children's young ages increased the need for stability and permanency. And respondent repeatedly demonstrated that she was unwilling or unable to benefit from the services provided to her. See *In re LE*, 278 Mich App 1, 28; 747 NW2d 883 (2008) (noting that what constitutes a reasonable time may be longer for older children, but concluding that the trial court did not err by refusing to give the respondent more time given her failure to benefit from services over nearly 19 months).

The children were removed in June and September of 2013, but the termination petition was not filed until October 2014. Respondent's termination hearing was then scheduled for December of that year. Thus, respondent had over a year to benefit from services. Even given this time, respondent made little to no progress in addressing the issues that led to adjudication. Her housing situation was erratic; she stayed in different apartments with different friends and in July 2014, was categorized as "homeless" in a bench warrant. Further, she failed to address her significant substance abuse issues. Throughout the proceedings she would miss drug screens and, when she did provide a screen, she consistently tested positive for marijuana. She failed to complete counseling and repeatedly told therapists she saw no need for sobriety. There were significant barriers remaining regarding suitable housing and substance abuse and, considering the tender age of the children, the trial court did not err in finding that respondent would not address her issues within a reasonable time. *Id.*

The trial court was under no compulsion to allow respondent additional time simply because the children would remain under the jurisdiction of the court pending resolution of the father's termination case. There is nothing in the text of the statute linking the reasonable likelihood that one parent will benefit from services to the likelihood that the other spouse will benefit. Indeed, one parent's parental rights may be terminated even where the other parent has not been adjudicated unfit. See *In re Sanders*, 495 Mich 394, 422; 852 NW2d 524 (2014).

Once the trial court found that the Department had established a ground for termination, it had to terminate respondent's parental rights if it also found that termination was in the children's best interests. MCL 712A.19b(5). Several factors may be considered in determining the best interests of the child, including the child's bond to the parent, the parent's parenting ability, the advantages of a foster home over the parent's home, and the child's need for

permanency, stability, and finality. *In re Olive/Metts*, 297 Mich App at 41-42. Here, the children were placed with relatives, which usually weighs against termination. *Id.* at 43.

Respondent missed significant parenting time and the parent-child bond was weaker as a result. She did not possess the requisite parenting skills, continued to abuse marijuana, and failed to gain control of her emotions, as evidenced by the recent assault on her mother, who was the children's caregiver. Finally, the court noted that the children were with relatives, but found that respondent's recent assault justified proceeding with termination. The record established that the relative placement in this case did not weigh against termination. *Id.* The Department's case pertaining to the father of the twins has no impact because ultimately the purpose of these proceedings is the protection of the children. *In re Sanders*, 495 Mich at 404. The trial court did not err in finding that termination of her parental rights was in the best interests of the children.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro